**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TEDDY LAWRENCE BONIECKI,**

    **Plaintiff,**                      **CIVIL ACTION NO. 10-CV-12991**

  vs.

                                                **DISTRICT JUDGE ANNA DIGGS TAYLOR**

**DONALD STEWART, et al.,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendants.**
_____/

**ORDER GRANTING DEFENDANT STEENLAND'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT AND FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT (DOCKET NO. 14)**

This matter comes before the Court on Defendant Steenland's Motion to Set Aside the Clerk's Entry of Default Against Judge Catherine B. Steenland, and for Enlargement of Time to Respond to Plaintiff's Complaint. (Docket no. 14). Plaintiff filed an "Affidavit of Truth for the Record" and a copy of his July 7, 2010 Preliminary Examination transcript in response to the motion. (Docket no. 17, 25). All pretrial matters have been referred to the undersigned for decision. (Docket no. 22). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

Plaintiff filed this *pro se* action on July 29, 2010, alleging federal and state constitutional violations and violations of state law stemming from his arrest and subsequent criminal proceedings. Plaintiff was arrested on May 27, 2010 for reckless driving, driving with a suspended license, two counts of assaulting/resisting/obstructing a police officer, carrying a concealed weapon without a permit, and felony firearm. Defendant Judge Catherine B. Steenland of the 39-A District Court in

1

Roseville, Michigan conducted a motion hearing and preliminary examination for Plaintiff on July 7, 2010 and bound Plaintiff over to the 16th Judicial Circuit Court. (Docket no. 14, 25). Thereafter, Defendant Judge Matthew Switalski was assigned Plaintiff's case.

Plaintiff filed the instant lawsuit on July 29, 2010. On August 2, 2010, a certificate of service was returned showing that a copy of the summons and complaint had been left at 39th District Court "window number two at 3:24 p.m." for service upon Defendant Steenland. (Docket no. 5). On September 1, 2010, at Plaintiff's request, a Clerk's Entry of Default was entered as to Defendant Steenland. (Docket no. 12). The following day, Defendant Steenland filed the instant motion to set aside the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c), claiming that: 1) there was no culpable conduct on her part which led to the clerk's entry of default; 2) setting aside the entry of default will not prejudice Plaintiff; and 3) Defendant has a meritorious defense to the action. (Docket no. 14).

Federal Rule of Civil Procedure 55(c) permits the Court to set aside an entry of default for good cause. When evaluating a motion to set aside an entry of default, the court considers three factors: (1) whether the default was the result of the defendant's willful or culpable conduct; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced if the default is set aside. *Burrell v. Henderson,* 434 F.3d 826, 831 (6th Cir. 2006) (citation omitted).

After reviewing the parties' submissions, the Court finds that the applicable standard has been satisfied. Plaintiff has not demonstrated that he will be prejudiced in any manner if the entry of default is set aside. In addition, Defendant Steenland has a meritorious defense to Plaintiff's claims. Finally, the Court does not find any culpable conduct on the part of Defendant Steenland which would justify refusing to set aside the clerk's entry of default. Accordingly, Defendant

Steenland's motion will be granted.

**IT IS THEREFORE ORDERED** that Defendant Steenland's Motion to Set Aside the Clerk's Entry of Default Against Judge Catherine B. Steenland, and for Enlargement of Time to Respond to Plaintiff's Complaint (docket no. 14) is **GRANTED**. Defendant Steenland has until December 6, 2010 to file a response to Plaintiff's Complaint.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 16, 2010    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Teddy Lawrence Boniecki and Counsel of Record on this date.

Dated: November 16, 2010    s/ Lisa C. Bartlett
Case Manager