# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**TEDDY LAWRENCE BONIECKI,**

    **Plaintiff,**            **CIVIL ACTION NO. 10-CV-12991**

vs.

                                      **DISTRICT JUDGE ANNA DIGGS TAYLOR**

**DONALD STEWART, et al.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendants.**

_____/

**I.**     **RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendant Judge Matthew Switalski (docket no. 8) be **GRANTED**.

**II.**     **REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendant Judge Matthew Switalski on August 19, 2010. (Docket no. 8). Plaintiff filed an "Affidavit of Truth for the Record" in response to the motion. (Docket no. 15). All pretrial matters have been referred to the undersigned for action. (Docket no. 22). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**     **Facts and Procedural History**

Plaintiff filed this *pro se* action for money damages on July 29, 2010, alleging federal and state constitutional violations and violations of state law stemming from his arrest and subsequent criminal proceedings. Defendant states that Plaintiff was arrested on May 27, 2010 for reckless driving, driving with a suspended license, two counts of assaulting/resisting/obstructing a police

1

officer, carrying a concealed weapon without a permit, and felony firearm. (Docket no. 8). Defendant Judge Catherine B. Steenland of the 39-A District Court in Roseville, Michigan conducted a motion hearing and preliminary examination on July 7, 2010 and bound Plaintiff over to the 16th Judicial Circuit Court. A felony information was issued on July 15, 2010. (Docket no. 8). Thereafter, Defendant Judge Matthew Switalski was assigned Plaintiff's case. Defendant Switalski states that after Plaintiff failed to appear at his July 19, 2010 arraignment, Defendant Switalski issued a bench warrant for Plaintiff's arrest and forfeited his bond. (Docket no. 8). Plaintiff takes issue with these statements and claims that he did appear at the arraignment and made himself known by stating that he was the "Authorized Representative for the trust that is on your desk." (Docket no. 15 at 2).

Within ten days of the arraignment Plaintiff filed the instant lawsuit. Plaintiff's Complaint purports to allege a claim against Defendant Switalski for "money damages for: deprivation of constitutional rights, conspiracy too [sic] deprive Plaintiff of constitutional rights, failure to protect Plaintiff from conspiracy to deprive Plaintiff of his constitutional rights, discriminatingly [sic] against Plaintiff's sincere religion convections [sic], violation of copyright, theft of private property, infliction of excessive and therefore cruel and unusual punishment, infliction of peonage and involuntary servitude, violations of the Sherman Antitrust Act, and conspiracy." (Docket no. 1 at 1). Plaintiff claims in part that Defendant Switalski threatened him with deprivation of liberty without due process of law (docket no. 1 at 4), acted in concert with Defendant Judge Catherine Steenland and the Michigan State Legislature to deny Plaintiff's motion for counsel in his criminal case (docket no. 1 at 4-5), violated his oath of office by willfully and maliciously prosecuting Plaintiff for having stood up for his rights and religion (docket no. 1 at 7), and abused Plaintiff for

2

exercising his religious beliefs by trying to force him to join a government labor union and/or become a government fiction person, even though doing so is against Plaintiff's religious convictions (docket no. 1 at 9). Defendant Switalski now moves for dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

**B.    Standard**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction. *Id*.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

**C.    Analysis**

Defendant Switalski argues that he is entitled to dismissal on the basis of absolute judicial immunity, Eleventh Amendment immunity, and the *Younger* Abstention Doctrine. *Younger* abstention requires a federal court to abstain from exercising jurisdiction over a federal action that seeks injunctive or declaratory relief against state officials with regard to a pending state criminal

proceeding against the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971). Since Plaintiff has not sought declaratory or injunctive relief, but instead raises claims for money damages that can not be addressed in the state criminal proceeding, *Younger* abstention does not apply. *See Litteral v. Bach*, 869 F.2d 297 (6th Cir. 1989).

Defendant Switalski attached exhibits to his motion which the Court has not considered in evaluating his Motion to Dismiss under Rule 12(b)(6). Judges are entitled to absolute judicial immunity on claims for money damages where the offending actions were taken in the course of performing a judicial function. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Berger v. Cuyahoga County Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993). Furthermore, the Eleventh Amendment bars suits for money damages against state employees sued in their official capacity. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). Plaintiff's claims against Defendant Judge Matthew Switalski involve the performance of the Defendant's judicial duties. Plaintiff has not asserted facts to show that Defendant Switalski acted in a nonjudicial function or acted in the complete absence of all jurisdiction. Accordingly, Defendant Switalski is immune from suit and the claims against him should be dismissed.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

4

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 16, 2010   s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE


PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Teddy Lawrence Boniecki and Counsel of Record on this date.

Dated: November 16, 2010   s/ Lisa C. Bartlett
                           Case Manager