UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY LAWRENCE BONIECKI,

    Plaintiff,

Case No. 10-cv-12991

v.

HONORABLE STEPHEN J. MURPHY, III

DONALD STEWART, PHILLIP E.
DUPLESSIS, CATHERINE B.
STEENLAND, and MATTHEW
SWITALSKI,

    Defendants.
                                         /

**ORDER ADOPTING REPORT AND RECOMMENDATION**(docket no. 27),
**AND GRANTING DEFENDANT'S MOTION TO DISMISS** (docket no. 8)

In this civil rights action, pro se Plaintiff alleges that Defendants violated his constitutional rights during a criminal prosecution in a Michigan state court. He seeks money damages. Defendant state judge Matthew Switalski has moved to dismiss all claims against him on various grounds. The matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings and now returns to the court on her report and recommendation. Judge Majzoub recommends Switalski's motion be granted.

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provide that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)

("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Overly broad objections, however, do not satisfy the objection requirement. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Id.* Objections that merely dispute the correctness of the magistrate judge's recommended outcome but fail to specify the findings believed to be erroneous are too general to invoke the statutorily mandated de novo review. *Id.*

Plaintiff is suing Switalski for rulings he made while presiding over Plaintiff's criminal prosecution in state court. Judge Majzoub recommends that the Court grant Switalski's motion insofar as the motion challenges the complaint on judicial and Eleventh Amendment immunity grounds.[1] After a de novo review of the record, the Court agrees. Plaintiff's objections to the report are nonsensical,[2] and fail to persuade the Court that Judge

---

[1] Switalski also raised *Younger* abstention in his motion to dismiss, but Judge Majzoub found the theory inapplicable here since Plaintiff makes a request for money damages that cannot be addressed in the state proceedings, rather than declaratory or injunctive relief. *See Litteral v. Bach*, 869 F.2d 297, 300 (6th Cir. 1989). The Court agrees.

[2] For instance, Plaintiff includes the following in Objection 6:

> To the representation that Magistrate Judge MONA K. MAJZOUB, made when she stated that MATTEW [sic] S. SWITALSKI, has immunities under the eleventh amendment that is false because on December 26th 1933 49 Statute 3097 Treaty Series 881 (Convention on Rights and Duties of States) stated CONGRESS replaced STATUTES with international law, placing all states under international law. December 9th 1945 International Organization Immunities Act relinquished every public office of the United States to the United Nations. . . . That being stated the defendant's [sic] forfeited their immunities and citizenship and are only doing business for a bankrupt corporation which means they can be held 100% liable for their actions.

Affidavit, 2 (docket no. 29).

Majzoub's recommendation is incorrect. The Court will adopt the analysis in the report as the opinion of the Court, and will dismiss the claims against Defendant Switalski.

**WHEREFORE**, it is hereby **ORDERED** that the report and recommendation (docket no. 27) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections are **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant Switalski's motion to dismiss (docket no. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Switalski are **DISMISSED with prejudice**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 17, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager