UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TEDDY LAWRENCE BONIECKI,**

      **Plaintiff,**                CIVIL ACTION NO. 10-CV-12991

  vs.

                                    DISTRICT JUDGE STEPHEN J. MURPHY, III

**DONALD STEWART, et al.,**       MAGISTRATE JUDGE MONA K. MAJZOUB

      **Defendants.**
_____/

**I.**    **RECOMMENDATION:**  This Court recommends that the Motion to Dismiss filed by Defendant Judge Catherine B. Steenland (docket no. 30) be **GRANTED IN PART** and Defendant Steenland be dismissed from this action.

**II.**   **REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendant Judge Catherine B. Steenland.  (Docket no. 30).  Plaintiff filed an "Affidavit Of Petition To Strike Defendant's Answer For Lack Of Merit" in response.  (Docket no. 34).  All pretrial matters have been referred to the undersigned for action.  (Docket no. 22).  The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f).  This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**   **Facts and Procedural History**

Plaintiff filed this *pro se* action for money damages on July 29, 2010, alleging federal and state constitutional violations and violations of state law stemming from his arrest and subsequent criminal proceedings.  Plaintiff was arrested on May 27, 2010 for reckless driving, driving with a

1

suspended license, two counts of assaulting/resisting/obstructing a police officer, carrying a concealed weapon without a permit, and felony firearm. Defendant Judge Catherine B. Steenland of the 39-A District Court in Roseville, Michigan conducted a motion hearing and preliminary examination on July 7, 2010 and bound Plaintiff over to the 16th Judicial Circuit Court in Macomb County, Michigan. A felony information was issued on July 15, 2010. (Docket no. 8). Thereafter, Defendant Judge Matthew Switalski was assigned Plaintiff's case.

In his Complaint Plaintiff purports to allege claims against Defendant Steenland for "money damages for: deprivation of constitutional rights, conspiracy too [sic] deprive Plaintiff of constitutional rights, failure to protect Plaintiff from conspiracy to deprive Plaintiff of his constitutional rights, discriminatingly [sic] against Plaintiff's sincere religion convictions [sic], violation of copyright, theft of private property, infliction of excessive and therefore cruel and unusual punishment, infliction of peonage and involuntary servitude, violations of the Sherman Antitrust Act, and conspiracy." (Docket no. 1 at 1).

Plaintiff alleges in his Complaint that Defendant Steenland violated her oath of office, required Plaintiff to pay for his driver's license with federal reserve notes that are not backed by gold or silver coins, threatened him with deprivation of liberty and property without due process of law, acted in concert with Judge Switalski and the Michigan State Legislature to deny Plaintiff's motion for counsel of his own choice, and violated Plaintiff's religious beliefs by trying to force him to join a government labor union or become a government fiction person. Defendant Steenland now moves for dismissal of Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**B.     Standard**

A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction by attacking the jurisdictional claim on its face, in which case all factual allegations of the Plaintiff must be considered as true, or by attacking the factual basis for jurisdiction. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir.2004). If the factual basis for jurisdiction is challenged, the court must weigh the evidence and the plaintiff bears the burden of proving jurisdiction. *Id*.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

**C.    Analysis**

As a preliminary matter, Defendant Steenland attached exhibits to her motion which the Court has not considered in evaluating the motion. Defendant Steenland argues that she is entitled to dismissal on the basis of Eleventh Amendment and absolute judicial immunities. She further contends that this Court lacks jurisdiction over the Plaintiff's Complaint pursuant to the *Rooker-Feldman* doctrine.

Judges are entitled to absolute judicial immunity on claims for money damages where the offending actions were taken in the course of performing a judicial function. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v.*

*Darling*, 98 F.3d 211, 221 (6th Cir.1996).  Furthermore, as a general rule the Eleventh Amendment bars suits for money damages against state employees sued in their official capacity.  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.2004).  Plaintiff's claims against Defendant Steenland involve actions she took while performing her judicial duties.  Plaintiff has not asserted facts to show that Defendant Steenland acted in a nonjudicial function or acted in the complete absence of all jurisdiction.  Accordingly, Defendant Steenland is immune from suit and the claims against her should be dismissed.  Because the Court finds that the Plaintiff's claims against Defendant Steenland are barred by Eleventh Amendment and absolute judicial immunities, the Court declines to review Defendant's arguments under the *Rooker-Feldman* doctrine.

Defendant Steenland moves for Rule 11 sanctions against Plaintiff on the grounds that the allegations in his Complaint are vexatious, not filed in good faith, frivolous, and lacking in merit. Defendant does not show that she satisfied the safe harbor provision of Rule 11, which requires the moving party to serve a motion for Rule 11 sanctions on the offending party at least 21 days before filing it with the court.  Fed.R.Civ.P. 11(c)(2).  Rule 11 also requires the moving party to file a motion for Rule 11 sanctions separately from any other motion.  Fed.R.Civ.P. 11(c)(2).  The Court should find that Rule 11 sanctions are not warranted in this case.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 14, 2011         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Teddy Lawrence Boniecki and Counsel of Record on this date.

Dated: March 14, 2011         s/ Lisa C. Bartlett
                              Case Manager