UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY LAWRENCE BONIECKI,

    Plaintiff,                                        Case No. 10-cv-12991

v.                                                HONORABLE STEPHEN J. MURPHY, III

DONALD STEWART, PHILLIP E.
DUPLESSIS, CATHERINE B.
STEENLAND, and MATTHEW
SWITALSKI,

    Defendants.
                                        /

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 41),
**AND GRANTING DEFENDANT'S MOTION TO DISMISS** (docket no. 30)

In this civil rights action, pro se Plaintiff alleges that Defendants violated his constitutional rights during a criminal prosecution in Michigan's judicial system. Specifically, Plaintiff contends that Judge Catherine Steenland of Michigan's 39-A District Court in Roseville deprived Plaintiff of his constitutional rights while conducting a preliminary examination before binding Plaintiff over to the Macomb County Circuit Court on various state law charges. Plaintiff seeks money damages. Steenland has moved to dismiss the claims against her and seeks sanctions under Rule 11 of the Federal Rules of Civil Procedure. The matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. Judge Majzoub recommends that Steenland's motion be granted but that Plaintiff not be sanctioned.

A district court's standard of review for a magistrate judge's report and recommendation depends upon whether any party files objections. With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure

provide that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

Plaintiff is suing Steenland for wrongs he believes arose from Steenland's handling of Plaintiff's preliminary examination on the state charges against him. Judge Majzoub recommends that the Court grant Steenland's motion insofar as the motion challenges the complaint on judicial and sovereign immunity grounds.[1] After a de novo review of the record, the Court agrees that Plaintiff's claims are barred by the doctrines of sovereign and absolute judicial immunity. Plaintiff's objections to the report are in places hard to follow,[2] and fail to persuade the Court that Judge Majzoub's recommended ruling is wrong in any respect. He contends in his objections that Judge Majzoub failed to address 18 U.S.C. §§ 241, 242 in her analysis, but these U.S. Code sections are simply the criminal analogues to 42 U.S.C. §§ 1983, 1985 and have no applicability in this civil action. Unlike the civil enforcement provisions of the Civil Rights Act, the criminal provisions do not create a private right of action under which an individual may sue. *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Judge Majzoub addressed Plaintiff's constitutional claims against Steenland under

---

[1] Steenland also raised the *Rooker-Feldman* doctrine as a basis for dismissal, but Judge Majzoub did not reach the issue, having found that Plaintiff's claim are barred by immunity doctrines. The Court likewise finds no reason to address the issue.

[2] For instance, Plaintiff states in his sixth objection that: "I object to the fact that the federal court is hiding federal Jury's [sic] from the Plaintiff because of the political and economic impact that this case brings[.]" Objs. 2 (docket no. 42).

§ 1983 and found that Plaintiff had failed to state valid claims. The Court will adopt the analysis in the report as the opinion of the Court and will dismiss the claims against Steenland with prejudice.

Furthermore, Steenland did not object to Judge Majzoub's recommendation that her request for sanctions under Rule 11 be denied for failure to comply with the Rule's procedural requirements. The Court will adopt this portion of the recommendation without review. *See Thomas*, 474 U.S. at 150.

**WHEREFORE**, it is hereby **ORDERED** that the report and recommendation (docket no. 41) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections (docket no. 42) are **OVERRULED.**

**IT IS FURTHER ORDERED** that defendant Steenland's motion to dismiss (docket no. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against defendant Catherine B. Steenland are **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

                        s/Stephen J. Murphy, III
                        STEPHEN J. MURPHY, III
                        United States District Judge

Dated: May 6, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 6, 2011, by electronic and/or ordinary mail.

                        Carol Cohron
                        Case Manager