UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY LAWRENCE BONIECKI,

    Plaintiff,                    CIVIL ACTION NO. 10-CV-12991

vs.

                                    DISTRICT JUDGE STEPHEN J. MURPHY, III

DONALD STEWART, et al.,        MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

**I.    RECOMMENDATION:** This Court recommends that the Motion to Dismiss or Alternatively for Summary Judgment filed by Defendants Phillip Duplessis and Donald Stewart (docket no. 46) be **GRANTED**, and Plaintiff's Motion to Stay Proceedings (docket no. 50) be **DENIED**.

**II.    REPORT:**

This case comes before the Court on the Motion to Dismiss or Alternatively for Summary Judgment filed by Defendants Phillip Duplessis and Donald Stewart. (Docket no. 46). Plaintiff did not file a response to the motion but did file a Motion to Stay Proceedings in which he refers to Defendants Duplessis and Stewart. (Docket no. 50). Defendant Steenland filed a response in opposition to Plaintiff's Motion to Stay. (Docket no. 53). Plaintiff filed a reply. (Docket no. 54). All pretrial matters have been referred to the undersigned for action. (Docket no. 22). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling.

**A.    Facts**

Plaintiff filed this *pro se* action for money damages on July 29, 2010, alleging federal and state constitutional violations and violations of state law stemming from his arrest and subsequent criminal proceedings following a traffic stop. Plaintiff was arrested on May 27, 2010 for reckless driving, driving without a license, resisting and obstructing a police officer, and carrying a concealed weapon without a permit. Defendant police officers Duplessis and Stewart initiated the traffic stop and arrest. On July 7, 2010 Judge Catherine B. Steenland of the 39-A District Court in Roseville, Michigan conducted a preliminary examination and found probable cause to bind Plaintiff over for trial on the charges of assaulting/resisting/obstructing police officers, carrying a concealed weapon, operating with a suspended license, reckless driving, and felony firearm. A felony information was issued on July 15, 2010. (Docket no. 27). After Plaintiff failed to appear at his July 19, 2010 arraignment, the State court issued a bench warrant for Plaintiff's arrest and forfeited his bond. (Docket no. 27).

Within ten days of the arraignment Plaintiff filed the instant complaint. Plaintiff's complaint purports to allege claims against Defendants Duplessis and Stewart for "money damages for: deprivation of constitutional rights, conspiracy too [sic] deprive Plaintiff of constitutional rights, failure to protect Plaintiff from conspiracy to deprive Plaintiff of his constitutional rights, discriminatingly [sic] against Plaintiff's sincere religion convections [sic], violation of copyright, theft of private property, infliction of excessive and therefore cruel and unusual punishment, infliction of peonage and involuntary servitude, violations of the Sherman Antitrust Act, and conspiracy." (Docket no. 1 at 1).

The complaint alleges that Defendants Duplessis and Stewart refused to identify themselves during the traffic stop, then broke Plaintiff's passenger side window and dragged him out of his

automobile before they slammed him down on the highway cement. Plaintiff alleges that his firearm was seized during an unlawful search of his automobile. He further claims that Defendants' violated his constitutional rights by putting him in jail without seeing a judge and without giving him his Miranda warnings. Plaintiff claims *inter alia* that Defendants Duplessis and Stewart violated their oath of office, required Plaintiff to pay for his driver's license with federal reserve notes that are not backed by gold or silver coins, threatened to deprive Plaintiff of liberty and property without due process of law, conspired to order Plaintiff to court and to bring to bear unconstitutional acts, and violated Plaintiff's religious convictions by forcing him to join a government labor union or become a government fiction person. According to Plaintiff, Defendants engaged in this activity in an effort to impose totalitarian Socialism upon the people.

**B.     Standard**

Defendants Duplessis and Stewart move to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims for relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir.2000).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

**C.      Analysis**

Plaintiff's complaint makes vague and conclusory allegations of copyright damages, peonage and involuntary servitude, theft, religious discrimination, Sherman Act violations, conspiracy, and violations of the First, Second, Sixth, Eighth, Ninth, and Tenth Amendments. (Docket no. 1). The complaint does not allege specific facts sufficient to support these claims against Defendants Duplessis and Stewart. Accordingly, the Court should dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's complaint may also be read to raise claims of excessive force and unlawful search and seizure in violation of the Fourth Amendment. Additionally, Plaintiff raises vague allegations of due process violations by claiming that Defendants Duplessis and Stewart refused to identify themselves during the traffic stop and held him in jail without seeing a judge.

As previously noted, Plaintiff filed this complaint while criminal charges were pending against him in State court. It is an established legal principle that a § 1983 claim for damages is barred if success on that action would necessarily demonstrate the invalidity of an underlying conviction, unless the conviction was reversed on appeal, expunged by executive order, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

While *Heck* is typically applied to cases where there is an underlying conviction, the Sixth Circuit has recognized that the *Heck* principles apply with equal force to pre-conviction cases where criminal charges are pending. *Wolfe v. Perry,* 412 F.3d 707, 714 (6th Cir.2005). Thus, in this

4

Circuit the *Heck* principle bars "§ 1983 claims that if successful would necessarily imply the invalidity *of a future conviction on a pending criminal charge*. *Id*. at 714 (citations and internal quotation marks omitted). *See also Gorenc v. City of Westland,* 72 Fed.Appx. 336, 339 (6th Cir.2003) (" '*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.' " (citing *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999))); *Jackim v. City of Brooklyn*, No. 05-1678, 2007 WL 893868, at \*8 (N.D. Ohio March 22, 2007) (citing Sixth Circuit cases), *aff'd sub nom. Jackim v. Sam's East, Inc.*, 378 Fed.Appx. 556 (6th Cir.2010). The Sixth Circuit Court opined that "[i]f civil claims were allowed while criminal cases were pending, there would be a potential for inconsistent determinations in the civil and criminal cases....Instead, a criminal defendant should focus on his primary mode of relief - mounting a viable defense to the charges against him - before turning to a civil claim under § 1983." *Wolfe*, 412 F.3d at 714 (citations omitted).

In the instant case Plaintiff's complaint was filed almost immediately after his arraignment. Reviewing his claims, Plaintiff's unlawful search and seizure claim is inextricably intertwined with the issue of whether Plaintiff can lawfully be convicted of carrying a concealed weapon and felony firearm. His excessive force claim is intertwined with and arguably negates elements of the offense of assaulting/resisting/obstructing officers. *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir.2005). Plaintiff's allegations that Defendants Duplessis and Stewart refused to identify themselves during the traffic stop and held him in jail without seeing a judge go to the heart of whether the procedures surrounding Plaintiff's arrest were lawful.

Plaintiff's success on these claims in this action would impugn the validity of a future

5

conviction on his criminal charges. Accordingly, Plaintiff's claims of unlawful search and seizure, excessive force, and any due process allegations that Defendants Duplessis and Stewart failed to identify themselves during the arrest and held Plaintiff in jail without seeing a judge should be dismissed.

Similarly, the Court should dismiss Plaintiff's vague assertion that Defendants violated his Fifth Amendment rights by failing to read him his Miranda warnings. This claim too goes to the heart of whether a future conviction on the underlying charges will be valid. As such, the *Heck* principles bar litigation on this claim. However, even if *Heck* does not bar this claim, Plaintiff's complaint does not allege that he made statements to Defendants as part of a custodial interrogation. *Miranda v. Arizona*, 384 U.S. 436 (1966) (law enforcement officers must give Miranda warnings before interrogating individuals in custody). He also does not allege that any statement taken in violation of *Miranda* was used against him at trial. *United States v. Patane*, 542 U.S. 630, 641 (2004) (*Miranda* violations occur only upon the admission of unwarned statements into evidence at trial). Furthermore, Plaintiff has not established that he has a private right of action for money damages for a *Miranda* violation. *Id.* at 641-42 (the "exclusion of unwarned statements ... is a complete and sufficient remedy for any perceived *Miranda* violation." (citation omitted). Accordingly, even if this claim is not barred by *Heck*, Plaintiff has failed to allege a plausible claim for relief.

**D.     Conclusion**

For the reasons stated above, Defendant Duplessis and Stewart's Motion to Dismiss or Alternatively for Summary Judgment (docket no. 46) should be granted. Plaintiff's Motion to Stay Proceedings (docket no. 50) should be denied.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 29, 2011         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Teddy Lawrence Boniecki and Counsel of Record on this date.


Dated: August 29, 2011        s/ Lisa C. Bartlett
                                    Case Manager