UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEDDY LAWRENCE BONIECKI,

    Plaintiff,

v.

DONALD STEWART, et al.,

    Defendants.
_____/

Case No. 10-cv-12991

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 55)**,**
**GRANTING DEFENDANTS' MOTION TO DISMISS** (docket no. 46)**,**
**AND DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS** (docket no. 50)

    Pro se plaintiff Teddy Lawrence Boniecki was detained by defendant police officers Donald Stewart and Phillip E. Duplessis in a traffic stop on May 27, 2010. The stop culminated in Boniecki's arrest. He was ultimately charged with resisting and obstructing police officers, carrying a concealed weapon without a permit, driving with a suspended license, reckless driving, and felony firearm. Boniecki failed to appear for his July 19, 2010 arraignment, and ten days later filed this civil rights action seeking money damages for events arising out of the traffic stop. His complaint alleges "deprivation of constitutional rights, conspiracy too [sic] deprive Plaintiff of constitutional rights, failure to protect Plaintiff from conspiracy to deprive Plaintiff of his constitutional rights, discriminatingly [sic] against Plaintiff's sincere religion convections [sic], violation of copyright, theft of private property, infliction of excessive and therefore cruel and unusual punishment, infliction of peonage and involuntary servitude, violations of the Sherman Antitrust Act, and conspiracy." ECF No. 1. Officers Stewart and Duplessis have moved to dismiss Boniecki's claims, or in the alternative for summary judgment. ECF No. 46. Boniecki has moved to stay the proceedings. ECF No. 50.

The matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. Judge Majzoub recommends that the Court grant the motion to dismiss and deny Boniecki's motion to stay. Report & Recommendation, ECF No. 55. Boniecki has timely filed objections to the magistrate judge's Report but, as discussed below, his objections are largely unable to be understood. The Court has reviewed the Report and its findings, and will overrule Boniecki's objections, adopt the Report in full, dismiss Boniecki's claims, and deny Boniecki's motion to stay the proceedings.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the Court's review of a magistrate judge's Report and Recommendation. Fed. R. Civ. P. 72. The Court is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). With respect to portions of a report that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Boniecki sues Stewart and Duplessis for actions taken in conjunction with the May 27, 2010 traffic stop and Boniecki's arrest. Judge Mazjoub recommends (1) that the complaint be dismissed for failure to state a claim insofar as Boniecki alleges copyright damages, peonage and involuntary servitude, theft, religious discrimination, Sherman Act violations, conspiracy, and violations of the First, Second, Fifth, Sixth, Eight, Ninth and Tenth Amendment claims; and (2) that the complaint be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) with respect to Boniecki's claims against the officers under the Fourth and Fifth Amendments, and any due process claim.

*Heck* instructs that a cause of action under § 1983 that would "imply the invalidity of a conviction" does not accrue until the conviction is reversed, expunged, invalidated or

2

called into question by a federal court's issuance of habeas corpus. *Heck*, 512 U.S. at 477. The Sixth Circuit has construed *Heck* to also preclude *pre-conviction* § 1983 claims, like Boniecki's, "that if successful would necessarily imply the invalidity of a *future conviction on a pending criminal charge.*" *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (emphasis in original).

Boniecki has raised nine objections to the magistrate judge's Report, many of which do not logically follow, or at the very least fail to comprise "specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). For example, Boniecki objects "that the magistrate has a drivers license and has a conflict of interest." Objections to Report & Recommendation 1, ECF No. 56. Boniecki's fourth through eighth objections appear to be directed at the application of *Heck* and *Wolfe* to preclude his § 1983 claims while the criminal charges are pending. *See, e.g.*, *id.* at 2 ("Objection 6: To the statement by the six circuit court of appeals case "Heck precludes" on the grounds that the charges are unconstitutional therefore no state case can exist which means that this court has an obligation to protect my rights and not try to cover it up with stalling techniques because of this case in Federal court stops the state case then the state was in violation of the constitution all along."). But after a de novo review of the record, the Court is satisfied that the magistrate judge's analysis and application of *Heck* is correct. Boniecki's objections do not persuade the Court otherwise.

Because Boniecki does not even colorably object to the magistrate judge's recommendations with regard to dismissal of his claims under Civil Rule 12(b)(6) or denial of his motion to stay, the Court will adopt those portions of the Report without review. *See Thomas*, 474 U.S. at 150.

3

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that the Report and Recommendation (docket no. 55) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** the motion to dismiss (docket no. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Stewart and Duplessis are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to stay the proceedings (docket no. 50) is **DENIED**.

**SO ORDERED**.

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: November 30, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 1, 2011, by electronic and/or ordinary mail.

        Carol Cohron
        Case Manager